IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| ISMAEL REYES-MARTINEZ, § | |
| § | |
| *Petitioner*, § | |
| § | |
| v. § | CIVIL ACTION NO. 9:26-CV-00105 |
| § | JUDGE MICHAEL J. TRUNCALE |
| ALEXANDER SANCHEZ; John Doe, Field § | |
| Office Director, ICE Houston Field Office, § | |
| § | |
| *Respondents*. § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Ismael Reyes-Martinez's Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Ismael Reyes-Martinez ("Reyes-Martinez") is a Cuban national. [Dkt. 1 at 3]. On October 31, 2025 United States Immigration and Customs Enforcement ("ICE") detained Reyes-Martinez. *Id.*

On February 12, 2026, Reyes-Martinez brought a habeas corpus petition, claiming that his detention violates both the Immigration and Naturalization Act ("INA")[1] and the Fifth Amendment to the United States Constitution. [Dkt. 1].

### II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the

---

[1] 8 U.S.C. § 1101 et seq.

1

Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

Reyes-Martinez challenges the legality of his detention on three separate grounds. First, he claims that the INA does not allow the Government to detain him during removal proceedings. [Dkt. 1]. Second, Reyes-Martinez claims that the Government violated procedural due process by failing to afford him a custody redetermination, thereby rendering his detention itself unlawful. *Id.* Third, Reyes-Martinez argues that his detention violates due process because he is eligible for custody redetermination. *Id.*

#### A. Detention Pending Removal Proceedings

Reyes-Martinez first challenges the Government's authority to detain him while removal proceedings are pending but no removal order has been issued. [Dkt. 1]. His challenge is misplaced, since at least two sections of the INA—section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien *must* be detained during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), as Reyes-Martinez argues, section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because Reyes-Martinez is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a).

Even more, the Fifth Circuit recently considered and rejected similar arguments. In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit found that the mandatory detention procedures in §

1225(b)(2)(A) apply to aliens who have entered the United States without inspection and have been subsequently detained. --- F.4th ---, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). It is of no moment that prior administrations' policy approaches were different; the statute's text controls. *See id.*

### B. Custody Redetermination

Reyes-Martinez next argues that his detention violates procedural due process and the INA because ICE failed to provide a custody redetermination before an immigration judge.[2] In any event, a petition for habeas corpus is generally not the proper vehicle for challenging conditions of confinement or confinement-related procedures. *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Habeas petitions are a proper device for challenging confinement-related procedures only when those procedures would have resulted in the petitioner's automatic release if performed correctly. *See id.* Otherwise, detainees must challenge confinement-related procedures under 42 U.S.C. § 1983. *Id.*

Here, even if the INA or due process required that Reyes-Martinez receive a custody redetermination, a custody redetermination would not necessarily result in Reyes-Martinez's release from detention. *See* 8 C.F.R. § 236.1(d)(1). The INA's accompanying regulations provide that, in a custody redetermination, immigration judges may "detain the alien in custody," or "determine the amount of bond, *if any*, under which the [alien] is to be released." *Id.* (emphasis added). Hence, a custody redetermination could just as well have resulted in Reyes-Martinez's continued detention, rather than his release from custody. *Id.* Accordingly, the Government's failure to provide a custody redetermination does not entitle Reyes-Martinez to habeas relief.[3] *See Carson*, 112 F.3d at 820–21.

### IV. CONCLUSION

Because Reyes-Martinez has failed to demonstrate by a preponderance of the evidence that his

---

[2] Courts often refer to custody redeterminations as "bond hearings." *See, e.g.*, *Cabanas v. Bondi*, No. 4:25-cv-04830, 2025 WL 3171331 at *4 (S.D. Tex. Nov. 13, 2025) (Eskridge, J.).

[3] The Fifth Amendment claims, which are predicated on the other arguments, therefore also fail.

detention violates any federal law, he cannot obtain habeas relief under 28 U.S.C. § 2241(c)(3).

It is therefore **ORDERED** that Reyes-Martinez's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 27th day of February, 2026.**

*Michael J. Truncale*
Michael J. Truncale
United States District Judge